# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

GLORIA CHAVEZ,

     Plaintiff,

vs.                                               CIVIL NO. 99-343 WWD/RLP

US WEST, GRADY McEACHERN
and MICHAEL SPRINGRIELD,

     Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on the Defendants' Motion to Compel Independent Medical Examination (**Docket No. 29**), the Court having read said motion, the memoranda in support of and in opposition to said motion, the Supplement to Defendants' Memorandum of Law in Support of Motion to Compel Independent Medical Examination and otherwise being fully advised, finds that the motion is not well taken and shall be **denied.**

## BACKGROUND

The question presented is whether the plaintiff, Gloria Chavez, should be compelled to submit to an independent psychological examination because of the claims she has made in this case. In this regard, Rule 35(a) Fed.R.Civ.P., states in relevant part:

> "When the mental or physical condition. . .of a party. . .is in controversy, the Court in which the action is pending may order the party to submit to a physical or mental examination. . .the order may be made only on motion for good cause shown. . ."

The operative phrase in this rule is "in controversy". Assuming a party's condition has been placed in controversy, the moving party must establish "good cause" for a mental examination.

The defendants have four reasons for requesting an independent psychological examination. First, among the other causes of action alleged, plaintiff has alleged both intentional and negligent infliction of emotional distress related to her termination with U S West. Second, in answer to Interrogatory No. 1 asking plaintiff to detail her damages, plaintiff referenced her humiliation, sense of betrayal and lack of self-confidence she suffered because of her termination. Third, in her deposition, plaintiff stated she experienced crying, humiliation, emotional difficulty, loss of self-confidence and loss of trust in others as a result of losing her job. Fourth, according to medical records obtained by the defendants, plaintiff has complained of depression in the past and has been prescribed an anti-depressant.

In response, the plaintiff objects to an independent psychological examination on a number of grounds. First, plaintiff does not claim she suffers from a specific diagnosable mental illness. Second, plaintiff has not sought counseling or psychological treatment. Third, plaintiff claims no out-of-pocket expenses related to any claim of emotional distress. Fourth, plaintiff does not intend to use an expert on psychological injuries at trial. Finally, plaintiff summarizes her claims for emotional injuries as "garden variety" and easily ascertainable by a lay person.

## DISCUSSION

Rule 35 imposes a stricter standard than Rule 26 Fed.R.Civ.P. when determining whether an independent psychological exam should be allowed. The moving party must make "an affirmative showing. . .that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each examination." *Schlangenhauf v. Holder,* 379 U.S. 104, 118 (1964). Relevance alone is not enough to justify an independent medical

examination. *O'Quinn v. New York University Medical Center,* 163 F.R.D. 226, 227-228 (S.D.NY 1995). Generally, courts will order independent mental examinations where, in addition to a claim of emotional distress, one or more of the following exist:

1. A cause of action for intentional or negligent infliction of emotional distress is made;

2. An allegation of a specific mental injury is made;

3. A claim of severe emotional distress is made; or

4. A party offers expert testimony to support a claim of emotional injury.

*Turner v. Imperial Stores,* 161 F.R.D. 89, 95 (S.D. Ca. 1995). Therefore, applying the general rule, since plaintiff has asserted causes of action for both intentional and negligent infliction of emotional distress, defendants would be entitled an independent mental examination. However, in this case, the plaintiff has readily admitted that her claims of emotional distress damages are "garden variety". The common meaning of the term "garden variety" equates to nothing out of the ordinary and not unexpected. Given the plaintiff's concession in this regard, how can the defendants establish "good cause" for an independent psychological examination of the plaintiff when the basis of their claim to such an examination is "garden variety" and nothing out of the ordinary? There is simply no need for an expert assessment under these facts. Therefore, even though the plaintiff has pending claims for intentional and negligent infliction of emotional distress, the Court finds the plaintiff has not placed her mental condition "in controversy" within the meaning of Rule 35(a) Fed.R.Civ.P. See, *Neal v. Siegel-Robert, Inc.* 171 F.R.D. 264, 267 (E.D. Mo. 1996).

**IT IS THEREFORE ORDERED** that the Defendants' Motion to Compel Independent

Medical Examination is denied.

**IT IS SO ORDERED.**

_____
RICHARD L. PUGLISI
United States Magistrate Judge

Martin A. Chavez, Esquire - Attorney for Plaintiff
Theodore A. Olsen, Esquire - Attorney for Defendants
William A.Wright, Esquire - Attorney for Defendants
Carolyn Wolf, Esquire - Attorney for Defendants